# Case No. 22-12199

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

**In Re ELIEZER TAVERAS**
*Petitioner*

On Petition for Writ of Mandamus to The
United States District Court
For The Southern District of Florida
Concerning
ELIEZER TAVERAS v. US NATIONAL BANK ASSOCIATION, et al.
Case No. 1:22-cv-21134-RNS

**ELIEZER TAVERAS**
**PETITION FOR EN BANC REHEARING**

Eliezer Taveras
Pro se Petitioner
12105 SW 110 Street Cir N
Miami FL 33186
Phone: 305-515-4840

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant, Eliezer Taveras, pro se, and pursuant to Federal Rule of Appellate Procedure 26.1 and this Court's Rule 26-1-1 hereby certify for the best of his knowledge, the following is a complete list of interested persons:

1. Goodman, Jonathan, United States Magistrate Judge, Southern District of Florida.
2. Scola, Robert N., Junior, United States District Judge, Southern District of Florida.

**Plaintiff/Appellant**

3. Taveras, Eliezer, pro se Appellant.

**Defendants/Appellees**

4. Ocwen Loan Servicing, LLC.
5. U.S. Bank National Association (In Its Individual Capacity).
6. U.S. Bank National Association, As Trustee, For The GSAMP Trust 2006-HE6 Mortgage Pass-Through Certificates, Series 2006-HE6.

**Defendants/Appellees' counsel**

7. Brockman, William B.
8. Bryan Cave Leighton Paisner LLP.
9. Goker, Arda.
10. Greenberg Traurig, P.A.

11. Mello, Kimberly A.

12. Romero, Ezequiel.

**Other interested parties**

13. Ocwen Financial Corporation.

14. PHH Mortgage Corporation.

15. U.S. Bancorp.

/*s*/ Eliezer Taveras

Eliezer Taveras
12105 SW 110 Street Cir N
Miami FL 33186
Phone: 305-515-4840
Etaveras2020@gmail.com

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS .................................................... ii

AND CORPORATE DISCLOSURE STATEMENT ............................................ ii

RULE 35(b) & 11TH CIR. RULE 35-5 STATEMENT ............................................1

PRELIMINARY FACTS.........................................................................................2

OTHER RELATED MATTERS ..............................................................................4

ARGUMENT ............................................................................................................5

I. THIS CASE PRESENTS ONE OR MORE QUESTIONS OF EXCEPTIONAL IMPORTANCE.......................................................................................................5

*A.* WHETHER THE DISMISSAL PURSUANT TO CLAIM SPLITTING DOCTRINE OF AN ACTION REMOVED FROM STATE COURT IS A VIOLATION OF A PLAINTIFF'S DUE PROCESS RIGHTS IF THE FEDERAL COURT THAT ENTERED THE ORDER LACKS SUBJECT MATTER JURISDICTION ........................................................................5

B. WHETHER AN APPEAL AND NOT WRIT OF MANDAMUS IS THE APPROPRIATE REMEDY WHEN A DISTRICT COURT, WHICH LACKS SUBJECT MATTER JURISDICTION IN A PARTICULAR CASE, REFUSES TO REMAND THE IMPROPERLY REMOVED CASE, AND IN ADDITION ENTERS A VOID JUDGMENT DISMISSING THE ACTION ...........................6

i. Writ Of Mandamus Is the Appropriate Remedy ...............................................8

ii. Taveras' Right to Issuance Of Writ Is Clear And Indisputable .........................8

iii. This Is a Case Of Exceptional Circumstances.................................................9

iv. A Writ Of Mandamus Is Warranted Given The Urgent Circumstances Of This Case ..........................................................................................................9

v. Remedy Must Be Granted Now......................................................................10

II. THE PANEL DECISION CONFLICTS WITH CHENEY ...............................10

III. THE PANEL DECISION CONFLICTS WITH PENNSYLVANIA CO AND RICE.....12

CONCLUSION.....14

CERTIFICATE OF SERVICE.....15

CERTIFICATE OF COMPLIANCE.....16

## TABLE OF AUTHORITIES

**Cases**

*Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367 (2004) .......... 1, 10, 11

*Ex parte Republic of Peru*, 318 U.S. 578 (1943) ....................................................9

*Fuentes v. Shevin*, 407 U.S. 67 (1972)....................................................................1

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988) ................9

*In re Pennsylvania Co.*, 137 U.S. 451 (1890) ....................................................1, 12

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009)........................... 12, 13

*Pulliam v. Allen*, 466 U.S. 522 (1984) .....................................................................8

*Roche v. Evaporated Milk Ass'n*, 319 U.S. 21 (1943).............................................11

*Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26 (1976) ......................6

*Stanley v. Illinois*, 405 U.S. 645 (1972) .................................................................10

*United States v. Fossatt*, 62 U.S. 445 (1858)............................................................9

*United States v. Rice*, 327 U.S. 742 (1946)..................................................... 12, 13

**Statutes**

*28 U.S.C. § 1331* ........................................................................................2

*28 U.S.C. § 1441* ........................................................................................2

*28 U.S.C. § 1447*. ................................................................................ 12, 13

*Racketeer Influenced and Corrupt Organizations Act (RICO)* .............................2, 6

**Other Authorities**

*Res Judicata Doctrine*....................................................................................3

*Rooker-Feldman Doctrine* ..............................................................................3

*Seedman v. United States Dist. Court* , 837 F.2d 413 (9th Cir. 1988)......................8

*United States ex rel. Bernardin v. Duell* , 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899).......................................................................................8

**Rules**

*Fed. R. Civ. P. 60(b)(4)*........................................................................3
*Fed. R. Civ. P. 60(b)(6)*........................................................................3
*FRAP RULE 35(b)* .................................................................................1

**Constitutional Provisions**

*U.S. Constitution, Fifth Amendment*.......................................................5
*U.S. Constitution, Fourteenth Amendment*...............................................5
*U.S. Constitution. Art. III*.......................................................................6

**Florida Statutes**

*Florida Statutes § 702.036*......................................................................2
*Florida Statutes § 772*..............................................................................2
*Florida Statutes § 812.035*......................................................................2
*Florida Statutes § 86.011*........................................................................2

**Florida Rules**

*Fla. R. Civ. P. 1.610*...............................................................................2

## RULE 35(b) & 11TH CIR. RULE 35-5 STATEMENT

Pursuant to Fed. R. App. P. 35(b)(1) and 11th Cir. R. 35-5(c), I, Eliezer Taveras, express a belief, based on a reasoned and professional judgment, that this Petition involves one or more questions of exceptional importance:

A. WHETHER THE DISMISSAL PURSUANT TO CLAIM SPLITTING DOCTRINE OF AN ACTION REMOVED FROM STATE COURT IS A VIOLATION OF A PLAINTIFF'S DUE PROCESS RIGHTS IF THE FEDERAL COURT THAT ENTERED THE ORDER LACKS SUBJECT MATTER JURISDICTION.

B. WHETHER AN APPEAL AND NOT WRIT OF MANDAMUS IS THE APPROPRIATE REMEDY WHEN A DISTRICT COURT, WHICH LACKS SUBJECT MATTER JURISDICTION IN A PARTICULAR CASE, REFUSES TO REMAND THE IMPROPERLY REMOVED CASE, AND IN ADDITION ENTERS A VOID JUDGMENT DISMISSING THE ACTION.

In addition, I express a belief, based on a reasoned and professional judgment, that the panel's decision conflicts with the Supreme Court decision in *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004); also, that the panel decision conflicts with the diligence to suppress further prolongation of the resolution of conflicts established by *In re Pennsylvania Co.*, 137 U.S. 451, 454 (1890), and *United States v. Rice*, 327 U.S. 742, 751 (1946); and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court.

## PRELIMINARY FACTS

This litigation stems from the disposition of the foreclosure action filed in the Circuit Court of Miami-Dade, Florida (the "state court"), Case No.: 2017-020857CA01 (the "foreclosure action"). On 10/1/2018, the state court entered final judgment of foreclosure on behalf of the foreclosure plaintiff, Us Bank National Association; U.S. Bank National Association, As Trustee, For The GSAMP Trust 2006-HE6 Mortgage Pass-Through Certificates, Series 2006-HE6.

On 2/22/2022, Petitioner, Eliezer Taveras ("Taveras") filed suit in the state court against Us Bank National Association; U.S. Bank National Association, As Trustee, For The GSAMP Trust 2006-HE6 Mortgage Pass-Through Certificates, Series 2006-HE6; and Ocwen Loan Servicing, LLC. (All jointly referred to as "US Defendants"), seeking avoidance of the final judgment of foreclosure, relief pursuant to sections 86.011, 812.035, and 702.036 Florida Statutes, treble damages pursuant to Florida Statute 772, and federal RICO. Under his cause of action for unjust enrichment, Taveras seeks a constructive trust for his benefits over the subject property pursuant to Florida common law. Finally, Taveras seeks injunctive relief pursuant to Fla. R. Civ. P. 1.610 [Appx Doc 1-2].

On 4/13/2022, US Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In addition, on 4/15/2022, US Defendants moved the court to dismiss the action for lack of subject matter jurisdiction (pursuant

to Rooker-Feldman and the doctrines of res judicata.

On 4/19/2022, Taveras urged the court to remand, pointing out that the court lacked jurisdiction to review a state court judgment pursuant to Rooker-Feldman, and therefore that the court lacked jurisdiction over the subject matter of this controversy, and that the removal was improper, and a "fraudulent scheme planned and executed by Defendants and their attorneys of records, intentionally designed to obstruct the administration of justice." In addition, Taveras moved the court for sanctions against US Defendants and their attorneys of records.

On 5/9/2022, ignoring Taveras' motion to remand and motion for sanction the district court entered its order dismissing this action with prejudice. Further, the district court denied Taveras' motion pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6).

On 6/13/2022, Taveras appealed to this Court **the district court's order dismissing this action**. On 7/11/2022 Taveras filed his initial brief. Appellees moved for an extension of time to file their reply brief. To date, they have not filed the Appellees brief.

On July 1, 2022, Taveras filed in this Court his petition for writ of mandamus (the "Petition"). On 8/30/2022 the panel (Jordan and Brasher), entered the order denying the Petition finding:

> Taveras had, and exercised, the adequate alternative remedy of moving the district court to remand his case to state court and to

> impose sanctions against the defendants and their attorneys… He likewise had, and exercised, the adequate alternative remedy of seeking reconsideration of the district court's order dismissing his case and denying his motions… That his filings in the district court were unsuccessful does not render them "inadequate" alternative remedies for mandamus purposes… Finally, to the extent that Taveras seeks to reverse the district court's order dismissing his case, or asserts any other errors by the district court, he had, and exercised, the adequate alternative remedy of filing an appeal to this Court.

## OTHER RELATED MATTERS

Rather than waiting for the final resolution of this action and Petition, US Defendants chose to evict Taveras forcibly. On 7/7/2022, after a 24-hrs eviction notice, around five US Defendants' employees arrived at Taveras' home accompanied by a Miami Dade's Sheriff, who gave Taveras and his family five minutes to vacate the Property. A few minutes later the employees proceeded to change the door lock and the Sheriff told Taveras and his family that they would be arrested if they entered the property without authorization thereafter. The Miami Dade deputy sheriff did not undertake any effort to determine whether Taveras had a right to be on the premises. Despite efforts by Taveras to provide documentation supporting his legal right to reside at the property, the officer ignored Taveras' pleas and escorted him and his family from the premises. The Sheriff and US Defendants' employees dispossessed Taveras of his home by physically removing all his personal items, more likely throwing them in the trash, causing irreparable harm to Taveras.

## ARGUMENT

**I. THIS CASE PRESENTS ONE OR MORE QUESTIONS OF EXCEPTIONAL IMPORTANCE.**

A number of factors make this case one of remarkable significance.

***A.* WHETHER THE DISMISSAL PURSUANT TO CLAIM SPLITTING DOCTRINE OF AN ACTION REMOVED FROM STATE COURT IS A VIOLATION OF A PLAINTIFF'S DUE PROCESS RIGHTS IF THE FEDERAL COURT THAT ENTERED THE ORDER LACKS SUBJECT MATTER JURISDICTION**

The Fifth Amendment says to the federal government that no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states.

The dismissal – without prejudice – of the previous action (signed by Judge Robert N. Scola, Jr.) is an opportunity for Taveras (plaintiff) to refile his action in the right forum. A party cannot be deprived of that right pursuant to the Fifth and Fourteen Amendments. Taveras properly filed his action in the state court but was improperly and fraudulently removed to federal court by US Defendants and their attorneys of records. Then, the district court refused to remand the action – as urged by Taveras – and Judge Scola, acting under color of law, signed the order dismissing this action in a manner inconsistent with Taveras' due process rights.

The district court lacks the authority to review a final judgment entered by a

state court. Further, the state court has concurrent jurisdiction for cases under federal RICO. In addition, there is no controversy between the parties regarding the district court's lack of power; both, Taveras and US Defendants asserted that the court lacked jurisdiction. Federal courts are limited to deciding "cases" and "controversies." U.S. Cons. Art. III, § 2. Indeed, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. E. Ky. Welfare Rights Org.* , 426 U.S. 26, 37, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Judge Scola did not follow the regular process of the law.

**B. WHETHER AN APPEAL AND NOT WRIT OF MANDAMUS IS THE APPROPRIATE REMEDY WHEN A DISTRICT COURT, WHICH LACKS SUBJECT MATTER JURISDICTION IN A PARTICULAR CASE, REFUSES TO REMAND THE IMPROPERLY REMOVED CASE, AND IN ADDITION ENTERS A VOID JUDGMENT DISMISSING THE ACTION**

Different issues must be addressed here:

First, it is indisputable that federal courts lack jurisdiction to review a state court's judgment; wherefore, a full panel hearing is necessary to find whether this court has appellate jurisdiction if the lower court lacked jurisdiction.[1]

The panel decision raises the question of whether a party affected by void judgment needs an appeal. Appeal should not be necessary here. The order dismissing this action is void. A void order is entirely null within itself; it is not

[1] The Panel has found that appeal is the right vehicle to seek remedy here.

susceptible to ratification or confirmation.

The law is well-settled that a void order or judgment is void even before reversal. *Valley V. Northern Fire & Marine Ins. Co*., 254 U.S. 348,41 S. Ct. 116 (1920) "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson V. Berry*, 495, 540 12 L. Ed. 1170, 1189 (1850).

Judgment is a void judgment if the court that rendered it lacked jurisdiction of the subject matter, or jurisdiction over the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4). See, e.g., *United States v. Boch Oldsmobile, Inc*., 909 F.2d 657, 661-62 (1st Cir.1990) (explaining that the concept of void judgments must be narrowly construed to comport with the interests of finality).

When an appeal is taken from a void judgment, the appellate court must declare the judgment void, because the appellate court may not address the merits, it must set aside the trial court's judgment and dismiss the appeal. Thus, appeal is not the right vehicle, but writ of mandamus.

Secondly, the supreme court has exclusive appellate jurisdiction over constitutional issues. Here, Taveras' main argument is that the district court acted in

violation of his due process rights guaranteed by the US Constitution.

**i. Writ Of Mandamus Is the Appropriate Remedy**

The writ of mandamus is appropriate here to control jurisdictional excesses because the district court has acted without power. A writ of mandamus is issued "in theory to prevent [a judge] from exceeding his jurisdiction or to require him to exercise it," it issued "[i]n practice" for "all manner of errors." *Pulliam v. Allen* , 466 U.S. 522, 532–33, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

If Taveras cannot petition for mandamus, he "has no other avenue of relief; [he] will be prejudiced in a way not correctable on appeal since [he] will have been forced to endure proceedings in a court that lacks jurisdiction." *Seedman v. United States Dist. Court* , 837 F.2d 413, 414 (9th Cir. 1988) (per curiam).

**ii. Taveras' Right to Issuance Of Writ Is Clear And Indisputable**

Taveras' right to issuance of the writ is clear and indisputable. The jurisdictional error gives Taveras a right to the writ. The district court has violated a non-discretionary duty; therefore, Taveras has a clear and indisputable right to relief. See *United States ex rel. Bernardin v. Duell* , 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899) (holding "the writ of mandamus will not ordinarily be granted ... unless the duty sought to be enforced is clear and indisputable").

Taveras is entitled to a writ directing the district court to remand this action to the state court for further proceedings consistent with Florida law and to grant

Taveras' motion for sanctions (it is now necessary to hold an evidentiary hearing to demonstrate Taveras' damages).

**iii. This Is a Case Of Exceptional Circumstances**

The Supreme Court makes clear that "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify the issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp*., 485 U.S. 271, 289 (1988) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)).

Taveras has no other avenue of relief. Taveras has proffered ample allegations to support his contention that the district court lacked power to act. Remedying this type of unlawful exercise of jurisdiction, when it occurs, is a traditional, appropriate use of the writ.

Further, the unlawful exercise of federal jurisdiction has imposed extraordinary harms to Taveras, including, but not limited to further expenses in appeal, delay in this litigation, and in a certain matter amounting to Taveras' eviction. The Court has a binding authority to issue writ of mandamus in this case.

**iv. A Writ Of Mandamus Is Warranted Given The Urgent Circumstances Of This Case**

A writ of mandamus is necessary because of the extraordinary, urgent circumstances of this case that involves an eviction that could be prevented if this action had not been removed from the state court and dismissed by the federal judge.

Because the district court acted in conspicuous violation of Taveras' due

process rights, a writ of mandamus from this Court is the appropriate vehicle to rectify the error. See, e.g., Ex parte *Republic of Peru*, 318 U.S. 578, 583 (1943); *United States v. Fossatt*, 62 U.S. 445 (1858) at 446. Taveras was evicted from home.

The panel's decision that Taveras must wait until after the resolution of the appeal is an injustice, inconsistent with the law.

**v. Remedy Must Be Granted Now**

Remedy should be granted now for all reasons stated above.

Had Judge Scola not dismissed this action, Taveras would have a proper opportunity to stop eviction in the right forum; that in turn could not only prevent the eviction but also the violation of Taveras' constitutional rights. Now, Taveras should not be left to be waiting on appeal.

In fact, the denial of Taveras' motion for sanctions is not been addressed in the appeal that Taveras filed in this Court for reservation of rights. On 8/29/2022, after the panel decision, Taveras reached US Defendants' attorneys to find out if they would oppose an amendment to the records on appeal and the Appellant's Brief to address the issue, the attorneys objected. Taveras should not be left without remedy, pending an amendment to the appeal.

## II. THE PANEL DECISION CONFLICTS WITH CHENEY

The panel decision conflicts with *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367 (2004);

Although Cheney teaches as that it is required that a party must show he has "no other adequate means to attain the relief [it] desires." *Cheney*, 542 U.S. at 380, 124 S.Ct. 2576 (quotation omitted); and this requirement "ensure[s] that the writ will not be used as a substitute for the regular appeals process." Id. at 380–81, 124 S.Ct. 2576, is it also true that "[T]hese hurdles, however demanding, are not insuperable." Id. at 381, 124 S.Ct. 2576. They simply reserve the writ "for really extraordinary causes." Id. at 380, 124 S.Ct. 2576 (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947)).

Further, Appeal is not the right remedy (see above). The Supreme Court has long recognized that circumstances such as those before this Court present a proper case for use of the remedy sought. That a court operates solely within its statutory jurisdiction is one of the most fundamental premises of our judicial system. See *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (noting that "traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction").

When the panel finds that Taveras "had, and exercised, the adequate alternative remedy of filing an appeal to this Court" the panel decision is conflicting with Cheney in that mandamus is appropriate for "exceptional circumstances amounting to a judicial 'usurpation of power.'" *Cheney*, 542 U.S. at 380 (citation

omitted). Here, the facts demonstrate a judicial usurpation of power, therefore, mandamus should issue. Appeal is not the adequate remedy here, but writ.

Exceptional circumstances are present here, where a district court has refused to remand this case to the state court and has dismissed the action despite the court's lack of jurisdiction to review a state court judgment, and, in fact, lack of parties' controversy regarding the district court lack of jurisdiction. And in extraordinary cases, mandamus petitions "serve as useful 'safety valve[s]' for promptly correcting serious errors." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009).

If the panel decision is maintained, then the court would be failing to promptly correct the serious error of the district court. An appeal might be inadequate to correct the jurisdictional errors described above. Hearing en banc is necessary to secure and maintain uniformity of decisions in this court.

## III. THE PANEL DECISION CONFLICTS WITH PENNSYLVANIA CO AND RICE

The panel decision conflicts with the diligence to suppress further prolongation of the resolution of conflicts established by In re Pennsylvania Co., 137 U.S. 451, 454 (1890), and *United States v. Rice*, 327 U.S. 742, 751 (1946).

28 U.S.C. § 1447(c) requires a district court to remand a case to state court when it determines the case was improvidently removed. This is basic law. Notably, remand orders based on section 1447(c) are unreviewable on "appeal or otherwise."

28 U.S.C. § 1447(d). This language has been universally construed to preclude not only appellate review but also reconsideration by the district court.

In discussing a statutory predecessor of § 1447(d), the Supreme Court noted that the intent of such a rule is "to suppress further prolongation of the controversy by whatever process." *In re Pennsylvania Co*., 137 U.S. 451. Thus, this nonreviewability rule rests on a "policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." *United States v. Rice*, 327 U.S. 742, 751 (1946).

The panel decision is putting in hold the resolution of the dispute between the parties in the state forum. That is not the purpose of federal courts.

The order to remand this case should not wait as the panel suggests. This is an extraordinary case in which the mandamus petition serves "as useful 'safety valve[s]' for promptly correcting serious errors." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. (2009).

The panel decision conflicts with *Rice* and *Pennsylvania*, and is contrary to the provisions of 28 U.S.C. § 1447(c). Hearing en banc is necessary to secure and maintain uniformity of decisions in this court.

## CONCLUSION

For the foregoing reasons, this Court should rehear Taveras' Petition en banc, declaring the order dismissing this court void, and compelling the district court to remand this action to the state court and to grant Taveras' motion for sanctions after proper evidentiary hearing.

Respectfully submitted,

/*s*/ Eliezer Taveras
Eliezer Taveras
Etaveras2020@gmail.com
12105 SW 110 Street Cir N
Miami FL 33186
Phone: 305-515-4840

## CERTIFICATE OF SERVICE

I certify that on September 2nd, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system, which will automatically send email notification to all counsels of record.

I further certify that the original plus 14 copies of the foregoing are being mailed today, via USPS First Class Mail to:

**Eleventh Circuit Court of Appeals**
**56 Forsyth Street, N.W.**
**Atlanta, Georgia 30303.**

/*s*/ Eliezer Taveras
Eliezer Taveras
Etaveras2020@gmail.com
12105 SW 110 Street Cir N
Miami FL 33186
Phone: 305-515-4840

## CERTIFICATE OF COMPLIANCE

I hereby certify that in compliance with the type-volume limitation, this petition has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 points, double spaced. Exclusive of the cover page, certificate of interested persons, table of contents, table of citations, certificate of compliance, and certificate of service, this Petition for Rehearing En Banc contains 14 pages and 3121 words.

/*s*/ Eliezer Taveras
Eliezer Taveras
Etaveras2020@gmail.com
12105 SW 110 Street Cir N
Miami FL 33186
Phone: 305-515-4840

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 29, 2022

Eliezer Taveras
12105 SE 110 ST CIR N
MIAMI, FL 33186

Appeal Number: 22-12199-A
Case Style: In re: Eliezer Taveras
District Court Docket No: 1:22-cv-21134-RNS

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Toya J. Stevenson, A
Phone #: (404) 335-6188

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 22-12199-A

---

In re: ELIEZER TAVERAS,

Petitioner.

---

On Petition for Writ of Mandamus from the United States District Court for the Southern District of Florida

---

Before: JORDAN and BRASHER, Circuit Judges.

BY THE COURT:

Eliezer Taveras, a *pro se* private citizen, petitions this Court for a writ of mandamus arising out of a civil action that he originally filed in state court in Miami-Dade County, Florida, but was removed to the U.S. District Court for the Southern District of Florida, where it was dismissed with prejudice. Taveras asserts that his suit was improperly removed from state court and that sanctions should be assessed against the defendants and their attorneys. He asks this Court to order the district court to remand his case to state court. He also asks this Court to order the district court to grant his motion for sanctions.

Mandamus is available only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion. *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Jackson*, 130 F.3d at 1004. When an alternative remedy

exists, even if it is unlikely to provide relief, mandamus relief is not proper. *See Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004).

This Court has jurisdiction to review an appeal from a final judgment. 28 U.S.C. § 1291. An appeal from a final judgment brings up for review all preceding non-final orders. *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1229 (11th Cir. 2020).

Here, Taveras's mandamus petition is due to be denied. Taveras had, and exercised, the adequate alternative remedy of moving the district court to remand his case to state court and to impose sanction against the defendants and their attorneys. *Shalhoub*, 855 F.3d at 1259; *Jackson*, 130 F.3d at 1004. He likewise had, and exercised, the adequate alternative remedy of seeking reconsideration of the district court's order dismissing his case and denying his motions. *Shalhoub*, 855 F.3d at 1259; *Jackson*, 130 F.3d at 1004. That his filings in the district court were unsuccessful does not render them "inadequate" alternative remedies for mandamus purposes. *See Lifestar*, 365 F.3d at 1298.

Finally, to the extent that Taveras seeks to reverse the district court's order dismissing his case, or asserts any other errors by the district court, he had, and exercised, the adequate alternative remedy of filing an appeal to this Court. *Shalhoub*, 855 F.3d at 1259; *Jackson*, 130 F.3d at 1004; *Corley*, 965 F.3d at 1229; 28 U.S.C. § 1291.

Accordingly, Taveras's mandamus petition is hereby **DENIED**.